

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| KDE | *271 Cadman Plaza East* |
| F.#2016R01759 | *Brooklyn, New York 11201* |

October 30, 2017

<u>By ECF and Hand</u>

The Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Andrew Morrison
               <u>Criminal Docket No. 16-413 (RRM)</u>

Dear Judge Mauskopf:

       The government respectfully submits this letter in advance of sentencing in the above-referenced case, which is scheduled for November 1, 2017, at 2:30 p.m. For the reasons set forth below, the government recommends that a sentence within the applicable Guidelines range of 37 to 46 months' imprisonment be imposed in this case.

I.      <u>Facts</u>

       To explain the instant offense, the government first provides a brief description of the criminal history of the defendant, who is an illegal alien.

       On November 13, 2002, the defendant was sentenced to 5 years' imprisonment for a conviction of Assault in the First Degree in Queens, New York, imposed because the defendant shot a victim in the face during a robbery. <u>See</u> Presentence Report ("PSR") ¶ 19. He was paroled on August 24, 2006, but remanded shortly thereafter on December 14, 2006. <u>Id.</u> After being released on June 11, 2007, the defendant was against remanded on February 14, 2008. <u>Id.</u> He was then released on June 17, 2008, but absconded from his post-release supervision and was yet again remanded on July 1, 2010, following his arrest for criminal possession of marijuana. On December 21, 2010, the defendant was released to post-release supervision but absconded once more and was arrested on June 20, 2012. The reasons for these repeated violations, which often involve providing false names or information, are

documented in the PSR.  See id.  During these repeated periods of incarceration, the defendant was cited for no fewer than eight infractions.  See id.

During his last period of release, the defendant was arrested, convicted and sentenced to 21 months' imprisonment for procuring a U.S. passport with a false name, social security number, and date of birth, see 13-CR-532 (ARR).  See PSR ¶ 23.  On February 27, 2015, the defendant was released from custody and thereafter deported to his native Jamaica.  See id.

By his own admission, "approximately two months after his deportation," the defendant illegally entered the United States.  Id. ¶ 4.  He was then found by U.S law enforcement agents in early 2016, admitted to this conduct and other offenses in post-arrest statements, and ultimately pleaded guilty to aggravated illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), before Magistrate Judge James Orenstein on January 6, 2017.  See id. ¶ 1.[1]

II.   Guidelines Calculation

The government submits that the following United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") calculation, which is set forth in the PSR, should be applied here[2]:

| | |
|---|---|
| Base Offense Level (§ 2L1.2) | 8 |
| Plus: Prior Felony Offense with Sentence of Five Years or More (§ 2L1.2(b)(2)(A)) | +10 |
| Less: Timely Acceptance of Responsibility (§ 3E1.1) | -3 |
| Total Offense Level | 15 |

---

[1] In addition to the instant case, the defendant also faces three violations of supervised release for illegally returning to the country and for failing to pay the $100 special assessment imposed in the prior case.  See 13-CR-532 (RRM).  Should the defendant plead guilty to those violations, he faces up to 2 years' imprisonment.  The government requests that, pursuant to U.S.S.G. § 7B1.3(f), any sentence imposed on those violations be ordered to run consecutively to any sentence imposed for the instant offense.

[2] The Guidelines estimate set forth in the defendant's plea agreement, which contemplated a 16-point enhancement for having a prior conviction for a "crime of violence," was erroneously based on the 2017 version of the Guidelines.  The estimate set forth in the PSR and herein uses the 2016 version, which was in effect at the time of the defendant's offense and is more lenient.  See PSR ¶ 7; U.S.S.G. § 1B1.11.

Because the defendant is in Criminal History Category V, the Guidelines range is 37 to 46 months' imprisonment.  See PSR ¶ 56.

## III.  Argument

In this case, a Guidelines sentence is warranted because of, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for specific deterrence.  See 18 U.S.C. § 3553(a)(1), (a)(2)(A), (C).

### A.  Nature and Circumstances of the Offense / History and Characteristics of the Defendant

The facts in this case reveal that the defendant has failed, time and time again, to conform his actions with the law.  Beginning with the 2002 attempted robbery in which the defendant shot his victim in the face, leaving the victim with the loss of teeth, loss of bone in his jaw, and numbness to parts of his face, the defendant has shown a callous disregard for the law.  After being sentenced to five years' imprisonment, the defendant committed eight infractions while in prison and was arrested for four parole violations.  These offenses also involved acts of violence as well repeated lies and false names, culminating in his procurement of a fraudulent passport.

The 21-month prison sentence imposed by Judge Ross did little to change the defendant's disregard for the law.  Rather, as revealed in the defendant's own post-arrest statements, he illegally returned to the United States shortly after being deported and resumed his life of crime.

In short, the nature of this offense—illegal reentry to the United States two months after being deported for multiple prior felony convictions—combined with the history and characteristics of the defendant—a history filled with repeated and flagrant violations of the law—warrant a substantial sentence.

### B.  Specific Deterrence

For similar reasons, there is also a need to specifically deter this defendant from perpetrating further crimes.  See 18 U.S.C. § 3553(a)(2)(C) (directing the Court to consider the need to "protect to the public from further crimes of the defendant").  The prior five-year sentence imposed in state court did not deter the defendant.  Nor did the prison sentences imposed for his parole violations.  Nor did the sentence imposed by Judge Ross.  To the contrary, nearly as soon as he possibly could, the defendant returned illegally to the United States to resume his life of crime.  He must therefore face a significant sentence to protect the community from yet more crimes by this defendant.

## IV.  Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary to achieve the goals of

sentencing, <u>see</u> 18 U.SC. § 3553(a)(2), which, in this case, is within the applicable Guidelines range of 37-46 months' imprisonment.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:    /s/ Keith D. Edelman
Keith D. Edelman
Assistant U.S. Attorney
718-254-6328

cc:    Joyce B. David, Esq. (by ECF and E-mail)
Jaime L. Turton, Senior United States Probation Officer (by E-mail and FedEx)

4